**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

LOIS HOLBROOK and
EDWARD HOLBROOK,

    Plaintiffs,

v.                                                                          Case No: 5:15-cv-263-Oc-30PRL

VISTA MOBILITY SPECIALISTS,
INC., an Illinois corporation, and
EVENT SCOOTERS WISCONSIN,
LLC, a Wisconsin limited liability
company,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Vista Mobility Specialists, Inc.'s ("Vista") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4) and Plaintiffs' response in opposition thereto (Doc. 7). The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Vista's motion to dismiss should be denied.

## BACKGROUND

Plaintiffs initiated this action against Vista and Event Scooters Wisconsin, LLC ("Event"), in the Fifth Judicial Circuit, in and for Marion County, Florida, alleging breach of contract. Vista and Event removed the action to this Court on May 28, 2015, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332.

Plaintiffs' claim arises out of a Promissory Note ("Note") executed by Event on January 16, 2014, in which Event agreed to pay Lois Holbrook $225,000.00 plus interest in sixty monthly installments. (Doc. 2, Ex. A). The Note provided that upon failure to pay as required, the balance of the Note would become immediately payable. The Note also contemplated that Event would be entitled to reduce the amount of the payments if Event was unable to retain specific contracts as enumerated in the Note.

On January 15, 2014, a day prior to the execution of the Note by Event, Vista executed an "Addendum to the Promissory Note" ("Addendum"), which purported to delete language from the Note. (Doc. 2, Ex. A). The language the Addendum purports to delete, however, is not contained in the Note executed between Event and Lois Holbrook.

Plaintiff asserts that Event and Vista made payments under the Note until February 15, 2015. But as of March 2015, Event and Vista discontinued payment. Thus, Plaintiff alleges that Event and Vista breached the Note, rendering the balance on the Note immediately payable.

Vista currently seeks dismissal of the complaint arguing that it was not a signatory to the Note, and, therefore, it cannot be responsible for the payments.

## DISCUSSION

**A. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to

the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## B. Analysis

As a preliminary matter, Vista contends that Wisconsin law applies to the interpretation of the Note and Addendum and Plaintiffs counter that Florida law applies. The Court need not determine which state's law applies because, as discussed in further detail below, Florida law and Wisconsin law do not conflict with respect to the issue raised by Vista. *See Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1012 (11th Cir. 1998) *overruled on other grounds by Hall Street Assocs., Inc. v. Mattel, Inc.*, 552 U.S. 576 (2008) (declining to resolve a choice-of-law question where the relevant law of both states was harmonious).

Vista contends that it is not a proper party to the present action because it is not a signatory to the Note. Although Vista executed the Addendum, Vista contends that the Addendum does not obligate Vista as a payor. And even if the Addendum obligated Vista to pay under the Note, Vista argues that the Addendum cannot modify the Note because it was executed before the Note was executed. Plaintiff counters that Vista is bound by the Note despite the fact that it did not sign it because Vista performed under the Note.

Under both Florida and Wisconsin law, "[a] contract may be binding on a party despite the absence of a party's signature. The object of a signature is to show mutuality or assent, but these facts may be shown in other ways, for example, by the acts or conduct

3

of the parties." *Gateway Cable T.V., Inc. v. Vikoa Constr. Corp.*, 253 So. 2d 461, 463 (Fla. 1st DCA 1971); *see also Integrated Health Servs. of Green Briar, Inc. v. Lopez-Silvero*, 827 So. 2d 338, 339 (Fla. 3d DCA 2002) ("A contract is binding, despite the fact that one party did not sign the contract, where both parties have performed under the contract."); *Chudnow Constr. Corp. v. Commercial Discount Corp.*, 180 N.W.2d 697, 698 (Wis. 1970) ("It is quite fundamental that parties may become bound by the terms of a contract even though they do not sign it, where their intention to do so is otherwise indicated." (internal quotation marks omitted)).

Here, Plaintiffs allege that both Event and Vista paid as required under the Note for over a year until the alleged breach in February 2015. Taking the facts in the light most favorable to Plaintiff, if Vista performed under the Note, Vista could be bound by its terms under both Florida and Wisconsin law. Thus, at this stage of the proceedings, Plaintiff has sufficiently pled facts establishing that Vista is a proper party. Vista's motion should therefore be denied.

## **CONCLUSION**

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Vista Mobility Specialists, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of August, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\15-263 Holbrook v. Vista Mobility Specialists.MTD.docx